# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| CECIL TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  10-cv-1104 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (Doc. 1).  On September 18, 2006, following a jury trial, Petitioner was convicted in this Court of making false statements to the FBI and wire fraud.  On January 4, 2007, Petitioner was sentenced to 30 months' incarceration on each count, running concurrently, and three years of supervised release on each count, running concurrently.  (06-cr-30012).  Petitioner unsuccessfully appealed his conviction to the Court of Appeals, and unsuccessfully petitioned the Supreme Court for certiorari.

Petitioner now challenges his conviction and sentence on five grounds: (1) in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), the prosecution failed to disclose an FBI investigation into a witness; (2) he was selectively prosecuted because of his political affiliation; (3) his attorney provided ineffective assistance by failing to present impeachment evidence against a prosecution witness; (4) this Court was without jurisdiction to try him; and (5) his sentence was excessive because his

attorney failed to challenge the presentence report and because the Court at sentencing relied on the prosecution's insufficient justification in determining Petitioner's role in the criminal scheme.[1]  (Docs. 1 & 2).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must examine the Motion, and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." The Court has so examined the Motion, and determines that all but one of the grounds noted above could have merit.

The ground which "plainly appears" to have no merit is the fourth, which claims that the Court was without jurisdiction to try Petitioner.  Petitioner presents no basis on which to find that the Court was without jurisdiction.  Instead, he argues that the conduct of which he was accused was a violation of internal "Secretary of State policies and procedures," which would have been more properly dealt with in a civil or administrative proceeding, rather than a criminal prosecution.  While it may be that the matter could also have been addressed in such a non-criminal setting, this fact would not remove jurisdiction from this Court to hear the criminal proceeding.  Many types of disputes are subject to multiple avenues of resolution that are not mutually exclusive.  Petitioner presents no basis upon which the Court could find that it had no jurisdiction over the criminal

---

[1]  Petitioner's headings indicate that he raises six grounds for relief under § 2255, but the sixth "ground" is actually an argument that Petitioner's first ground is not procedurally barred, as it is based on newly discovered evidence; it is not an independent basis for relief.

prosecution. Therefore, Petitioner's fourth basis for relief, that the Court had no jurisdiction over his prosecution, is dismissed pursuant to Rule 4.

IT IS THEREFORE ORDERED:

1. Petitioner's fourth basis for relief, that the Court had no jurisdiction over his prosecution, is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2. The Clerk SHALL serve a copy of the motion by certified mail upon Respondent.

3. Respondent SHALL file an answer, motion, or other responsive pleading within sixty (60) days after service of this Order. Respondent should address any facts which would establish whether Petitioner's remaining claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

4. Petitioner may file a reply to Respondent's response within thirty (30) days of being served with the response.

5. Petitioner SHALL serve upon the United States Attorney's office a copy of every further pleading or other document submitted for consideration by the Court. Entered this 17th day of May, 2010.

                                                s/ Joe B. McDade
                                               JOE BILLY McDADE
                              United States Senior District Judge